United States District Court
Southern District of Texas
FILED

JUL 30 2015

David J. Bradley, Clerk
Laredo Divison

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CRIMINAL NO. L-15-842 |
| § | |
| VGL METAL, INC. § | |

## PLEA AGREEMENT

The United States of America and VGL METALS, INC. ("Defendant"), a corporation organized and existing under the laws of the State of Texas, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANTS

1.  The Defendant understands that it has the right:

(a) to be represented by an attorney;

(b) to be charged by Indictment;

(d) to plead not guilty to any criminal charge brought against it;

(e) to have a trial by jury, at which it would be presumed not guilty of the criminal charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g) to appeal its conviction if it is found guilty; and

(h) to appeal the imposition of sentence against it.

## RECITALS AS TO RELATED PROCEEDING

2. On April 10, 2015, the following Criminal Complaints ("Complaints") were filed in the United States District Court for the Southern District of Texas, Laredo Division which addressed the transactions described in paragraph 5 below:

>   a. United States v. Ricardo Ruvalcaba-Plasencia, 5:15-MJ-441;

>   b. United States v. Juan Carlos Ruvalcaba-Plasencia, 5:15-MJ-442; and

>   c. United States v. Victor Guadalupe Loera Garcia, 5:15-MJ-443.

Upon the Court's acceptance of the guilty plea called for by this Plea Agreement, the Government shall dismiss these Complaints.[1]

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

3. The Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, regardless of how the sentence is determined by the Court. Nothing in this paragraph, however, will act as a bar to the Defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

Pursuant to Fed. R. Crim. P. 7(b), the Defendant waives indictment and pleads guilty to the Criminal Information filed herein. The Criminal Information will charge the Defendant with fraudulently and knowingly exporting and sending from the United States, and attempting to

---

[1] *See* Case No. 5:15-MJ-441, Dkt Entry __; Case No. 5:15-MJ-442, Dkt Entry __; and Case No. 5:15-MJ-442 Dkt Entry __.

export and send from the United States any merchandise, object and article contrary to law and regulation of the United States specifically out-of-circulation Mexican coins, in violation of Title 18 U.S.C. § 554. Defendant further agrees, in addition to the agreed fine, to forfeit the following property: (1) An amount equivalent to the fair market value of the warehouse located at 310 Enterprise Blvd., Laredo, Texas; and, (2) the Mexican coins described in the criminal complaints referred to above.

4. Defendant pleads guilty to the criminal charge described in Paragraph 3 above pursuant to the terms of this Plea Agreement and makes a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

5. Had this case gone to trial, the United States would have presented competent evidence sufficient to prove the following facts:

(a) For purposes of this Plea Agreement, the "relevant period" is that period from on or about May 15, 2008 to on or about July 30, 2013, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court. During the relevant period, the Defendant was a corporation organized and existing under the laws of the State of Texas. The Defendant has their principal place of business in Laredo, Texas. During the relevant period, the Defendant was an importer and an exporter of out-of-circulation Mexican coins and exporter of silver bars. The Defendant employed 2 or more individuals.

(b) During the relevant period, the Defendant Corporation was established in the United States to act as importer and exporter of out-of-circulation Mexican coins and exporter of silver bars from the United States. Prior to Defendant Corporation's import

and export of the silver coins, Santa Fe Precious Metals, LLC acted as the importer and exporter of out-of-circulation Mexican coins.

(c) The Defendant Corporation acted under the direction of certain individuals and business entity in Mexico in acting as the importer and exporter of out-of-circulation Mexican coins and the importer of silver bars from the United States.

(d) Juan Carlos Ruvalcaba-Plasencia and Ricardo Ruvalcaba-Plasencia, through Silver Exportaciones, SA. De CV. ("Silver Exportaciones"), bought out-of-circulation Mexican coins and directed the Defendant Corporation (and previously Santa Fe Precious Metals, LLC,) to import and export the out-of-circulation Mexican coins as described below.

(e) Victor Guadalupe Loera Garcia would and did exercise control and authority over VGL Metal, Inc. in the United States during the scheme.

(f) Defendant Corporation, at the direction of the aforementioned individuals and entity in Mexico, would import out-of-circulation Mexican coins declaring to United States Customs that the shipment had a value ranging from approximately $4,000 to $7,000. The imported coins were then sent by Defendant Corporation to various warehouses in Laredo, Texas, including a warehouse located at 310 Enterprise Blvd. The imported coins were stored at the warehouses until they were smuggled back to Mexico by Defendant Corporation. Prior to the coins leaving the United States, Defendant Corporation caused invoices to be provided to the freight forwarding company that would export the shipments of coins. The invoices were falsely prepared in such a way that it appeared each shipment of coins had a declared value of less than the $2,500 exemption threshold established by Federal Trade Regulations 30.1(c). In fact, each shipment of

coins smuggled into Mexico by Defendant Corporation had a value in excess of $2,500 and required the filing of an electronic export information (EEI) with Customs and Border Protection (CBP). Because the EEI were not filed in accordance with Federal Trade Regulations, the acts of Defendant Corporation thereby concealed the value of the exported out-of-circulation Mexican coins from the United States contrary to law. The failure to properly file the EEI did not cause monetary harm to the United States as the exported coins were not subject to any duty.

(g) During the relevant period, the out-of-circulation Mexican coins and Silver bars, as well as payments for the silver bars traveled in interstate commerce. The business activities of the Defendant and the aforementioned individuals and entity in Mexico in connection with the importation and exportation of the out-of-circulation Mexican coins and silver bars that were the subject of this scheme were within the flow of, and substantially affected, interstate trade and commerce.

(h) Acts in furtherance of this scheme were carried out within the Southern District of Texas, Laredo Division. Meetings, communications, and discussions in furtherance of the conduct described above took place in the United States and elsewhere, and at least one of these meetings which was attended by a representative of the Defendant Corporation occurred in this District. The out-of-circulation Mexican coins were imported and exported to and from the United States through a Port of Entry in this District.

<strong><u>ELEMENTS OF THE OFFENSE<br>18 U.S.C. SECTION 554</u></strong>

6. The elements of the charged offense are that:

(a) That the Defendant exported from the United States any goods, wares, or merchandise;

(b) That the Defendant did so in violation of any law or regulation of the United States; and

(c) That the Defendant did so knowingly.

## POSSIBLE MAXIMUM SENTENCE

7. The Defendant understands that the statutory maximum penalty which may be imposed against them upon conviction for a violation of 18 U.S.C. §371 and §554 is a fine in an amount of $500,000.00:

8. In addition, the Defendant understands that a Term of Supervised Release may be ordered of not more than 3 years, and pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the Defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

9. The Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2014 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The Defendant understands that although the Court is not ultimately

bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the Defendant provides to the United States pursuant to this Plea Agreement will not be used in determining the Defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

10. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) the United States agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a sentence within the applicable Guidelines range requiring the Defendant to pay to the United States a criminal fine of $250,000.00 and Defendant further agrees to forfeit the following property: (1) An amount equivalent to the fair market value of the warehouse located at 310 Enterprise Blvd., Laredo, Texas; and, (2) the Mexican coins described in the criminal complaints referred to above. The Defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed. Both parties will recommend that no term of supervised release be imposed, but the Defendant understands that the Court's denial of this request will not void this Plea Agreement. The United States submits that this Plea Agreement, together with the record that will be created by the United States and the Defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 12, will provide sufficient information concerning the Defendant, the crime charged in this case, and the Defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States contends that had this case

gone to trial, the United States would have presented evidence to prove that the gain derived from or the loss resulting from the charged offense is sufficient to justify a fine of $250,000.00.

## **GOVERNMENT'S AGREEMENT**

11. Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the Defendant Corporation for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of any customs violations involving the exportation of out-of-circulation Mexican coins or the exportation of silver bars in the Southern District of Texas. The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney.

12. The United States agrees to the following:

(a) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring criminal charges against any current director, officer, founder, coordinator, or employee of the Defendant for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, founder, coordinator, or employee of the Defendant that was undertaken in furtherance of the illegal exportation of the out-of-circulation Mexican coins or referred

to in the Complaints subject to the Stipulated Dismissal of Criminal Complaints cited in paragraph 2 above.

(b) Should any director, officer, founder, coordinator, or employee of the Defendant decides to cooperate with the Government and have information relevant to any federal proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the Defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the Defendant;

(c) The non-prosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal civil tax or civil securities laws or conspiracy to commit such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(d) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement, the United States agrees that it will not bring criminal charges against any of the undersigned based in part or whole on any act or offense committed before the date of execution or signature of this Plea Agreement whether related to the illegal exportation of out-of-circulation Mexican coins or any matter referred to in the Complaints subject to the Stipulated Dismissal of Criminal Complaints cited in paragraph 2 above.

13. The United States agrees that if any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings

with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

## REPRESENTATION BY COUNSEL

14. The Defendant and persons acting as directors, officers, founders, coordinators, or employees of the Defendant have been represented by counsel and are fully satisfied that their attorneys have provided competent legal representation. The Defendant and persons acting as directors, officers, founders, coordinators, or employees of the Defendant have thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised them of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

15. The Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that, should the U.S. District Court determine in good faith, during the period that any Federal Proceeding is pending, that the Defendant violated any provision of this Plea Agreement, the United States will notify counsel for the Defendant in

writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the Defendant and persons acting as directors, officers, founders, coordinators, or employees of the Defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the Defendant for any offense referred to in Paragraph 5 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

17. The Defendant understands and agrees that in any further prosecution resulting from the release of the United States from its obligations under this Plea Agreement because of the Defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by them or persons acting as directors, officers, founders, coordinators, or employees of the Defendant to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it. In addition, the Defendant and persons acting as directors, officers, founders, coordinators, or employees of the Defendant unconditionally waive their right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

18. This Plea Agreement constitutes the entire agreement between the United States and the Defendant concerning the disposition of the criminal charge in this case. The Plea Agreement further contemplates the judicial forfeiture of all real property and improvements subject to forfeiture as a result of the offense of conviction including related criminal conduct referenced herein. This Plea Agreement cannot be modified except in writing, signed by the United States and the Defendants.

19. The undersigned is authorized to enter this Plea Agreement on behalf of the Defendant.

20. The undersigned Assistant United States Attorney has been authorized by the United States Attorney for the Southern District of Texas to enter this Plea Agreement on behalf of the United States.

Filed at __Laredo__, Texas, on July 30th, 2015.

VGL METAL, INC.

By: _____
VICTOR GUADALUPE LOERA GARCIA
Director VGL METAL, INC.

By: _____
JASON DAVIS
Counsel for VGL METAL, INC.

_____
Subscribed and sworn to before me on __July 30__, 2015.
DAVID J. BRADLEY, Clerk

UNITED STATES DISTRICT CLERK

By: _____

Deputy United States District Clerk

APPROVED:

       Kenneth Magidson
       United States Attorney

By:    _____
       Christopher S. Coker
       Assistant United States Attorney
       Southern District of Texas
       Telephone: (956) 723-6523
       Facsimile: (956) 726-2266

## Acknowledgment

The undersigned herein acknowledge the particulars set forth in paragraph 5 ("Factual Basis for Offense Charged") of the Plea Agreement in United States v. VGL Metal, Inc. Cause No.: L-15-842 as true and correct.

Dated: July 30, 2015

_____
VICTOR GUADALUPE LOERA GARCIA

_____
JUAN CARLOS RUVALCABA-PLASENCIA

_____
RICARDO RUVALCABA-PLASENCIA

_____
Sanford M. Saunders, Jr.
Attorney for Juan Carlos Ruvalcaba-Plasencia

_____
Michael W. McCrum
Attorney for Ricardo Ruvalcaba-Plasencia

_____
Jason Davis
Attorney for Victor Guadalupe Loera Garcia